were in good condition when hired and were not so returned possibly might make a *prima facie* case of negligence against defendants which they would be required to meet by evidence, but that *prima facie* case was met by evidence strongly tending to show that it was no fault of defendants that one of the horses died and the other was impaired, and that it arose from the condition of the horses when hired.

It then became the duty of the plaintiff to strengthen his *prima facie* case by showing the defendants were negligent or overcome the proof offered by the defendants, and when the whole evidence was in under the pleadings the greater preponderance of evidence should have been in favor of the plaintiff and the court should have charged the jury that the burden of proof showing negligence was upon the plaintiff instead of the reverse. Directly in point is the case of Malaney v. Taft, 15 Atl. Rep. 326 [60 Vt. 571], wherein it is held:

"In an action on the case for negligence against the bailee of a horse for hire, the burden is on the plaintiff to prove negligence, and it is not shifted by merely showing that the horse was sound when delivered to the bailee, and when returned that it was injured in a way that does not ordinarily occur without negligence."

A misdirection of the jury as to the burden of proof, is error for which the judgment will be reversed at the instance of the party prejudiced thereby. McNutt v. Kaufman, 26 Ohio St. 127.

Judgment of court below is reversed for error in charge and cause remanded for new trial.

---

## EMINENT DOMAIN—COURTS.

[Summit (8th) Circuit Court, April Term, 1903.]

Hale, Marvin and Winch, JJ.

### CLEVELAND TERMINAL & VALLEY RY. CO. v. AKRON.

1. JURISDICTION OF PROBATE COURT TO APPROPRIATE RAILROAD PROPERTY FOR STREET.
   Where, under Secs. 2642 and 2232 Rev. Stat. *et seq.* which provide that a municipal corporation may commence proceedings in the probate or common pleas court for the appropriation of land held or owned by a railroad company, for the purpose of opening or extending a street across the company's tracks, an action has been duly commenced for such purpose in the probate court, that court has exclusive original jurisdiction to determine whether such appropriation will unnecessarily interfere with the use of the company's property so crossed.

2. ACTION IN PROBATE COURT TO APPROPRIATE RAILROAD LAND NOT ENJOINED, WHEN.
   An action commenced in the probate court by a municipal corporation to appropriate land of a railroad company for the purpose of extending a street across the company's tracks, will not be enjoined by the common pleas court in an action commenced there for such purpose on the ground that such appropria-

tion will unnecessarily interfere with the use of the railroad property crossed by the improvement.

3. EVIDENCE PROPER IN ACTION TO ENJOIN APPROPRIATION PROCEEDINGS, WHEN.

Where an action has been commenced by a railway company in the common pleas court to enjoin an appropriation proceeding commenced by a municipal corporation under Secs. 2642 and 2232 Rev. Stat. *et seq.,* an objection to the introduction of any evidence by the plaintiff should be overruled where a reply has been filed by plaintiff and the allegations of the city as to the regularity of its proceedings in the probate court are contravened.

APPEAL from the court of common pleas of Summit county.

**Allen, Waters & Andress,** for plaintiff.

**E. F. Voris** and **Osborne Esgate,** for defendant.

**WINCH, J.**

In this case, appealed from the common pleas court, the railroad company seeks to enjoin the city of Akron from proceeding with condemnation proceedings begun in the probate court of Summit county for the appropriation of property of the plaintiff for the extension of Prune street. Upon the property sought to be appropriated are six railroad tracks.

The railroad company alleges that the extension of Prune street, at the point contemplated, at grade with its railroad tracks, will unnecessarily interfere with its reasonable use of its property and railroad tracks; that there is no necessity for the opening of said street; and that the city is not acting in good faith in vacating a portion of Factory street near the proposed extension of Prune street, and in seeking to open up the latter street.

The railroad company further says that for the wrongs it complains of it has no adequate remedy at law.

The city claims that, having begun appropriation proceedings in the probate court, it has a right to go forward with the same and have said court assess the amount of compensation to be paid to plaintiff for its property taken for street purposes; that said probate court has full, complete and adequate jurisdiction in said matter; and that this court has no jurisdiction to entertain and adjudicate the matters complained of by the railroad company.

The statutes of Ohio, Secs. 2232, 2233, 2236, 2238 and 2642 Rev. Stat., provide that municipal corporations having passed certain legislation, may appropriate lands held or owned by railway companies for the purpose of opening or extending streets across railway tracks, where such appropriation will not unnecessarily interfere with the reasonable use of the property so crossed by any such improvement; that such proceedings may be brought in either the common pleas or probate court, and notice thereof shall be given.

Rai.way Co. v. Akron.

It is conceded that the city of Akron is a municipal corporation, that it has passed the requisite legislation as to the opening of Prune street, that it has begun proceedings in the probate court to appropriate lands owned by the plaintiff railroad company, and has given the notice thereof required by law.

The railroad company, however, contends that such appropriation will unnecessarily interfere with its reasonable use of the property crossed by said improvement, and that the probate court is without jurisdiction to determine the question.

It was held by the third circuit court in the case of Toledo & Ohio Cent. Ry. Co. v. Fostoria, 4 Circ. Dec. 602 (7 R. 293), Judge Seney delivering the opinion, that such proceedings being brought in the probate court, the power to determine whether the appropriation will not unnecessarily interfere with the use of the railroad company's property, as a jurisdictional fact, is inherent in said court. It is claimed that this holding was not necessary to the determination of the case referred to, the common pleas court being affirmed on this point, but reversed on other grounds.

This case was affirmed without report by the Supreme Court in Railway Co. v. Fostoria, 56 Ohio St. 726 [49 N. E. Rep. 1115], so that we are left without a clear decision of this proposition by the Supreme Court.

In the light of Judge Seney's decision and the *dictum* of the Supreme Court in the case of Cincinnati, S. & C. Ry. Co. v Belle Centre (Vil.), 48 Ohio St. 273 [27 N. E. Rep. 464], the views of the Supreme Court are sufficiently apparent to us, so that we conclude that plaintiff is not entitled to the relief it prays for.

An able opinion, stating and considering all the authorities on the subject, was rendered in the court below [Cleveland T. & V. Ry. Co. v. Akron, 13 Dec. 411], and, as we reach the same conclusion on the law of the case, it is not necessary to make further reference to the authorities.

Upon the hearing the city objected to the introduction of any testimony by the plaintiff, a ruling upon which objection was reserved. We find there was a reply filed in the case, and the allegations of the city as to the regularity of its proceedings and the giving of the notice in the probate court were controverted; and we now overrule said objection.

There have been two appeals taken to this court in this matter, case No. 581 being an appeal from an order of the common pleas court dissolving a temporary restraining order, and case No. 604 being an appeal from the decision of said court upon the final hearing of the case. Our conclusions determine both cases, and similar entries should be made in each. The injunction is refused, and the petition dismissed.